Filed 8/11/23 P. v. Shaw CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062140 |
| v. | (Super. Ct. No. 95CF0956) |
| ANTHONY GERAN SHAW, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Anthony Geran Shaw filed a petition for resentencing pursuant to former Penal Code section 1170.95.[1]  The trial court found Shaw ineligible for relief at the prima facie hearing and denied the petition.  Appointed appellate counsel for Shaw filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and asked this court to exercise its discretion by conducting an independent review of the record.  Citing *Anders v. California* (1967) 386 U.S. 738, appellate counsel also identified a potential issue to assist in this review.  Although Shaw was provided 30 days to file written argument on his own behalf, he did not do so.

Exercising our discretion, we have examined the entire record and find no reasonably arguable issue.  (*Delgadillo, supra,* 14 Cal.5th at p. 232.)  We therefore affirm.


FACTUAL AND PROCEDURAL BACKGROUND

In 1996, a jury found Shaw guilty of second degree murder (§ 187, subd. (a)) and found it to be true Shaw had personally used a firearm during the commission of the murder (§ 12022.5, subd. (a)).  After a bench trial, the trial court found Shaw had previously suffered five felony convictions for robbery (§ 667, subds. (d) & (e)(2)).  The trial court imposed a total sentence of 55 years to life.  On direct appeal to this court, the judgment was affirmed.  (*People v. Shaw* (Jan. 27, 1998, G019837) [nonpub. opn.].)

In June 2022, Shaw filed a petition for resentencing pursuant to section 1172.6.  Counsel was appointed at his request.  The People filed a response arguing the petition should be denied and counsel for Shaw filed a brief in support of the petition.  At the prima facie hearing on the petition, both parties submitted on their briefs and the trial

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as section 1172.6.  All further statutory references are to the Penal Code.

court took the matter under submission.  The trial court issued a statement of decision denying Shaw resentencing relief.  Shaw appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Senate Bill No. 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request; the prosecutor must then file a response to the petition, and a reply may be filed by the petitioner.  (§ 1172.6, subds. (b)(1)-(3) & (c).)  The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.*, subd. (c).)

Appellate counsel suggests we consider whether the trial court erred in denying Shaw's resentencing petition at the prima facie hearing.  At this initial hearing, the trial court may rely on the record of conviction to determine eligibility under section 1172.6. (*Lewis, supra*, 11 Cal.5th at pp. 970–971.)  "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)  Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)  "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny

3

the petition without a hearing.  [Citation.]"  (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.)

Here the trial court considered the charging document, minute orders, jury instructions, and verdict forms; which are all within the record of conviction.  The trial court found "[t]he record of conviction in this case conclusively refutes the allegations in the petition.  The jury was not instructed on the natural and probable consequences doctrine, felony murder theory, or any other theory of murder where malice is imputed to the petitioner based solely on his participation in the crime."  Additionally, the trial court noted, "there is no possibility that petitioner could have been convicted of murder under any of the theories" now eligible for relief under section 1172.6.  Since the record of conviction established Shaw was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

After an independent review of the entire appellate record, we find no arguable issues.  We therefore affirm the trial court's order denying Shaw postjudgment relief.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.

WE CONCUR:


BEDSWORTH, P.J.


DELANEY, J.

4